**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| NIKO JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00746-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This lawsuit arises from an injury Plaintiff Niko Jackson sustained while working as a delivery driver for 10 Roads Express, LLC, a subcontractor for the United States Postal Service ("USPS"), transporting mail for the USPS. Plaintiff alleges she slipped and fell while on the job and exiting the USPS's Kansas City, Missouri Processing and Distribution Center ("the Distribution Center") located at 1700 Cleveland Avenue in Kansas City, Missouri. Plaintiff subsequently filed a claim with the Missouri Division of Workers' Compensation. She is now suing Defendant United States of America under the Federal Tort Claims Act ("FTCA") for negligence.

Now before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Because Defendant has demonstrated Plaintiff's exclusive remedy for her injury lies with Missouri's Workers' Compensation statute, the motion is GRANTED.

**Standard of Review**

Under Rule 12(b)(1), a court must dismiss a complaint if it lacks subject-matter jurisdiction to hear the dispute. Fed. R. Civ. P. 12(b)(1); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In evaluating a 12(b)(1) motion, the court distinguishes "between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives

the same protections as it would defending against a motion brought under Rule 12(b)(6).” *Id.* (internal quotation omitted). “In a factual attack, the court considers matters outside the pleadings, and the nonmoving party does not have the benefit of 12(b)(6) safeguards.” *Id.* (citations omitted). No presumption of truthfulness attaches to a plaintiff's allegations regarding subject matter jurisdiction, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.” *Titus v. Sullivan*, 4 F.3d 590, 593 n.1 (8th Cir. 1993).

Here, Defendant brings a factual attack on jurisdiction. Because Defendant has brought a factual challenge to jurisdiction, the Court reviews the evidence submitted by the parties and then decides whether the factual predicate for jurisdiction is met. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The Court does not defer to factual allegations made in the Complaint, nor is it enough for Plaintiff to demonstrate a factual dispute over a jurisdictional issue. *Id*. at 729–30.

**Factual Background**

Because Defendant has brought a factual challenge to jurisdiction, the Court reviews the evidence submitted by the parties and then decides whether the factual predicate for jurisdiction is met. *Id*. at 730. The Court does not defer to factual allegations made in the Complaint, nor is it enough for Plaintiff to demonstrate a factual dispute over a jurisdictional issue. *Id*. at 729–30.

Defendant has placed a variety of exhibits on the record which collectively demonstrate the following beyond any doubt. As permitted by federal law, USPS entered a contract for mail delivery services with 10 Roads Contracting, LLC, the parent company of Plaintiff's employer, 10 Roads Express, LLC (collectively “10 Roads”). This contract was effective from October 1, 2021, through June 30, 2025, for mail services at the Distribution Center. Plaintiff was employed as a tractor-trailer driver for 10 Roads and her essential job functions included transferring and delivering freight from the Distribution Center.

Plaintiff's lawsuit alleges that on February 9, 2023, while on the job, she slipped and fell down the stairs exiting the Distribution Center and leading into a parking area and loading dock. Plaintiff subsequently filed a claim with the Missouri Division of Workers' Compensation for her injuries.

**Analysis**

It is well-settled that lawsuits against the United States are barred by sovereign immunity unless the United States waives its traditional immunity and consents to be sued. *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996). The FTCA acts as a limited waiver of sovereign immunity with respect to some tort claims against the United States. *See Smith v. United States*, 507 U.S. 197, 199 (1993). This waiver of sovereign immunity is limited to suits "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In other words, the United States "stands in the shoes" of a similarly situated private person and the FTCA waives sovereign immunity only if a similarly situated private party would be liable for the same conduct under the substantive law of the state where the act or omission occurred. *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005). Therefore, any defense available to a private party under the applicable state law is also available to the United States in an FTCA suit. *See, e.g.*, *Knowles v. United States*, 29 F.3d 1261, 1265 (8th Cir. 1994).

In this case, Defendant is immune from lawsuit in federal court if any private party would be immune due to the exclusive remedy of workers' compensation benefits. Under Missouri's Workers' Compensation Law ("the Act"), liability is imposed upon certain employers subject to the law for the personal injuries of their employees for accidents arising out of and in the course of their employee's employment. *Johnson v. Exide Techs., Inc.*, 137 F.4th 676, 682 (8th Cir. 2025). The Act provides the exclusive remedy against all employers for injuries covered by its provisions. *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620, 621 (Mo. banc 2002) (citing Rev. Stat. Mo. § 287.120). When the Act

applies, it replaces any right an injured employee may otherwise have to bring about a common-law action to recover for injuries sustained on the job. *See Vatterott v. Hammerts Iron Works, Inc.*, 968 S.W.2d 120, 121 (Mo. banc. 1998).

To prevent employers from evading the Act's requirements by hiring independent contractors to perform work that would otherwise be performed by ordinary employees, the Act establishes a constructive employment relationship between contractors and their subcontractors' employees and extends coverage under the Act to employees of contractors and subcontractors who have performed work under a contract. Mo. Rev. Stat. § 287.040.1;[1] *McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 480 (Mo. banc 2009). Such a statutory employment relationship exists if: (1) the work is performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) the injury occurred while the alleged statutory employee was performing work that was in the usual course of the alleged statutory employer's business. *Id.* If the requirements of statutory employment are met, then the defendant is entitled to dismissal from any other civil proceedings pertaining to the injury or death of the contractor's employee. *Bass v. Nat'l Super Markets, Inc.*, 911 S.W.2d 617, 621 (Mo. 1995).

In this case, the three conditions for statutory employment are met. First, USPS entered into a contract for mail delivery services with 10 Roads effective on October 1, 2021, through June 30, 2025, for mail services at the Distribution Center. Plaintiff was employed as a tractor-trailer driver for 10 Roads and her essential job functions included transferring and delivering freight from the Distribution Center. Plaintiff was thus performing work pursuant to the contract when she was retrieving freight from the Distribution Center and fell, on February 9, 2023. As for the second and third conditions,

---

[1] It provides:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Plaintiff admits she slipped and fell at her place of employment and that she was working within the course and scope of her employment as a tractor-trailer driver at the time.

Plaintiff's arguments that the factual record here is insufficiently developed for the Court to grant the motion, or alternately, that Defendant has not shown that she sustained her injuries in "the usual course of the alleged statutory employer's business," (that is, in the usual course of USPS's business) are thoroughly unavailing.

Because the United States qualifies as Plaintiff's statutory employer at the time of her alleged injuries, workers' compensation is Plaintiff's exclusive remedy, and this Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. *Bass v. United States*, 428 F. Supp. 3d 162 (W.D. Mo. 2019), aff'd, 834 F. App'x 303, 303 (8th Cir. 2021) ("United States was the statutory employer of [ ] decedent under Missouri law, such that workers' compensation was their exclusive remedy, and thus the United States was not liable under the FTCA.").

The motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Date: October 5, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT